Dear Mr. Johnson:
Our office received an opinion request from you concerning the Jefferson Parish Democratic Executive Committee ("JPDEC").
The pertinent facts you provided are summarized as follows. A member of the JPDEC stated her resignation at a regularly scheduled public meeting, which the chairman accepted. The minutes of the meeting, which reflected the oral resignation of the member, were forwarded to the Secretary of State. The Secretary of State recorded the resignation as effective on November 18, 2008. The member's name was removed from the elected official's database and the rolls of the Parish Executive Committee. On April 21, 2009, the resigned member attended the JPDEC meeting and resumed her former role as Parliamentarian, voting on questions before the committee, including elections.
You have asked our office for an opinion on the following:
 1. Is the resignation of the member valid?
 2. If the resignation is valid, how could this resignation be revoked?
 3. If the resignation is valid, is the vote made by the former member at the April 21, 2009 meeting valid?
 4. If the vote is not valid, should the elections held on April 21, 2009 be considered null and void and new elections held?
 5. If the resignation is valid, can the JPDEC fill the vacancy in accordance with state law and the JPDEC bylaws?
A primary issue is the validity of the oral resignation reflected in the minutes submitted to the Secretary of State. According to La.R.S. 18:444(B), "[m]embers of a parish executive committee of a recognized political party shall be elected every four years at *Page 2 
the same time as the presidential preference primary election." Thus, members of the JPDEC are elected public officers, and the resignation of a member qualifies as a resignation of an elected public officer subject to the requirements set forth by the Election Code as well as applicable provisions addressing resignation in the JPDEC by-laws.
The statute governing resignations of elected public officers is La.R.S. 18:652, which provides:
 A. Except for members of the legislature and the congress, all notices of retirements or resignations of elected officials shall be filed with the secretary of state.
 [. . .]
 B. A notice of retirement or resignation shall be in writing, shall be dated, may specify a prospective date on which the retirement or resignation is to be effective, and shall be signed by the official and duly acknowledged by him before an officer authorized to administer oaths.
The JPDEC by-laws also address resignation of its members in Section 10, which provides that "[a]ny member desiring to resign from the JPDEC shall submit his or her resignation in writing to the Chair, who shall present it to the JPDEC for action."
Your letter indicates that the member "stated her resignation" to the Chair at a meeting of the JPDEC. Both La.R.S. 18:652(B), and Section 10 of the by-laws require that a resignation be accomplished in writing. If the member merely provided oral notice of resignation, this is insufficient to meet the written requirements for providing notice. Additionally, La.R.S. 18:652(B) requires the resignation be dated and signed by the official, as well as acknowledged before an officer authorized to administer oaths. The information provided does not indicate that this occurred, but rather that the member gave oral notice of her intent to resign, which was acknowledged by the Chair and transmitted to the Secretary of State via submission of the minutes. Although your letter provides that the resignation was accepted by the Secretary of State, it did not appear to meet the formal written requirements of La.R.S. 18:652, or the requirement contained in Section 10 of the JPDEC by-laws. Therefore, it is the opinion of this office that the resignation was not effective.
Additionally, La.R.S. 18:654, relative to the effectiveness of the filing of resignation, provides, in pertinent part, that "a notice of . . . resignation shall not be effective until the original notice of . . . resignation is received by the secretary of state." In the circumstances you have described, there was only oral notice of resignation, and no original notice of written resignation was received by the Secretary of State. Under these circumstances, no valid resignation was accomplished by the member. *Page 3 
Because it is the opinion of this office that the resignation was never officially accomplished, the other questions you have asked relative to the withdrawal of such resignation, and the vote of a resigned member, are moot.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: ________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB